[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 2, 2006
THOMAS K. KAHN
CLERK

No. 06-11563
Non-Argument Calendar

_____

D. C. Docket No. 05-60219-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD OWEN BROWN,
a.k.a. Dwight Wynter,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 2, 2006)**

Before TJOFLAT, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Appellant Richard Owen Brown appeals his conviction for conspiracy to

import cocaine, conspiracy to possess with intent to distribute cocaine, and attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 963 and 846. On appeal, Brown argues that the district court erred in denying his motion to suppress physical evidence seized from his girlfriend's car because the police lacked probable cause to search the car. Brown further argues that the police exceeded the scope of a valid inventory search when they read the contents of a document found in the car, thus converting it into an investigatory search.

"A district court's ruling on a motion to suppress presents a mixed question of law and fact. This Court reviews the district court's finding of facts under the clearly erroneous standard. The district court's application of the law to those facts is subject to de novo review." *United States v. Zapata*, 180 F.3d 1237, 1240 (11th Cir. 1999) (citations omitted). "Further, when considering a ruling on a motion to suppress, all facts are construed in the light most favorable to the prevailing party below." *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000).

A party moving to suppress evidence must first show that he has standing, consisting of "a legitimate expectation of privacy" in the car being searched. *United States v. Miller*, 821 F.2d 546, 548 (11th Cir. 1987). On appeal, the government does not dispute that Brown has standing to challenge the search of the car at issue, even though his girlfriend owned it. Furthermore, the record reflects

that Brown had a reasonable expectation of privacy in the car because Brown had permission to drive it. *See United States v. Miller*, 821 F.2d 546, 548 (11th Cir. 1987) (holding that a driver of a borrowed car had a legitimate expectation of privacy in it, and thus, had standing to challenge a search of the car).

In most circumstances, unless there is consent, police officers must obtain a warrant supported by probable cause to justify a search under the Fourth Amendment. *United States v. Magluta*, 418 F.3d 1166, 1182 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 2966 (2006). There are, however, several exceptions to this rule, including "the automobile exception," which allows "officers [to] search any container in an operational car without a warrant as long as they have probable cause to believe that the container holds evidence of a crime." *Id*. (citing *California v. Acevedo*, 500 U.S. 565, 579-80, 111 S. Ct. 1982, 1991, 114 L. Ed. 2d 619 (1991)). "Probable cause for a search exists when under the totality of the circumstances there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. (quotations and citations omitted). "In examining the totality of the circumstances, a reviewing court must give due weight to the officer's experience." *United States v. Briggman*, 931 F.2d 705, 709 (11th Cir. 1991).

Furthermore, inventory searches, in accordance with reasonable police

policy, are also permissible. *Colorado v. Bertine* 479 U.S. 367, 374, 107 S. Ct. 738, 742, 93 L. Ed. 2d 739 (1987). An inventory search permits a thorough search of property lawfully in police custody, as long as that search is consistent with the police caretaking function. *United States v. O'Bryant*, 775 F.2d 1528, 1534 (11th Cir. 1985). Probable cause is not required to conduct a valid inventory search. *Illinois v. Lafayette*, 462 U.S. 640, 643, 103 S. Ct. 2605, 2608, 77 L. Ed. 2d 65 (1983). In this context, "the legitimacy of the search . . . turns on its reasonableness in light of the community caretaking functions that allow inventory searches. . . . [T]he reasonableness of the inventory search depends on the particular facts and circumstances." *United States v. Laing*, 708 F.2d 1568, 1571 (11th Cir. 1983). We have held that "the mere expectation of uncovering evidence will not vitiate an otherwise valid inventory search." *United States v. Roberson*, 897 F.2d 1092, 1096 (11th Cir. 1990) (quotation and citation omitted).

Based on the totality of the evidence known at the time, we conclude from the record that authorities had a reasonable belief that Brown used the car to facilitate the drug transaction and a reasonable belief that they would find drugs or other evidence of criminal activity inside the car. Thus, authorities had probable cause to search the car and the search was permissible under the "automobile exception" to the Fourth Amendment's warrant requirement. *See Magluta*, 418

4

F.3d at 1182-83. We do not address whether authorities exceeded the scope of a valid inventory search by reading the contents of the seized documents because the warrantless search of Carlita's car was otherwise supported by probable cause, and thus, the district court did not err in denying Brown's motion to suppress. Accordingly, we affirm Brown's conviction.

**AFFIRMED.**